```
           UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION
```

IN RE:                                          CASE NO.

**LAURENCE FRANK SIEGEL**                       05-04389-5-ATS

    **DEBTOR**

### ORDER ALLOWING MOTION FOR RELIEF FROM STAY

The matter before the court is the motion for relief from the automatic stay filed by Honda Financial Services ("Honda"). A hearing took place in Raleigh, North Carolina on March 1, 2006.

Laurence Frank Siegel filed a petition for relief under chapter 13 of the Bankruptcy Code on October 3, 2005. Mr. Siegel and Honda entered into a 48-month lease agreement for a 2001 Honda Civic on January 31, 2001. Honda moved for relief from the automatic stay, contending that the lease expired and that Mr. Siegel was delinquent in his payments. Mr. Siegel opposed the motion, contending that the lease had been extended and that he would be current with his payments but for Honda's refusal to accept his payments.

A representative from Honda testified that the lease agreement expired on January 31, 2005. Honda's records indicated that on September 28, 2005, Mr. Siegel contacted Honda about extending the lease on the same terms as the prior contract.[1] Honda agreed to a two-

---

[1] The Honda representative testified that it is not unusual to extend a lease informally for six months, but if an extension is for a longer term, a written agreement is necessary.

year extension, and sent Mr. Siegel the appropriate paperwork.  Mr. Siegel filed his bankruptcy petition on October 3, 2005, and Honda received notice of the filing on October 14, 2005.  On October 24, 2005, Honda received the agreement signed by Mr. Siegel.  Because of the bankruptcy filing, however, Honda did not sign the agreement and contacted Mr. Siegel on October 26, 2005, informing him that Honda would not go forward with the extended lease.  Honda advised Mr. Siegel that he could exercise the purchase option, find a co-signer for the lease, or return the vehicle by November 2, 2005.  Mr. Siegel did not pursue any of these options, but he did make payments that were accepted on November 3, 2005, and December 1, 2005.  Thereafter, Honda refused Mr. Siegel's payments and sought relief from the stay.

Honda contends that there was no meeting of the minds with respect to the lease extension because Mr. Siegel's offer was to extend the lease under the same terms as the original contract, and the chapter 13 filing materially changed the parties' rights and obligations.  Mr. Siegel contends that the extension was entered prepetition when Honda orally agreed to extend the lease, as evidenced by its acceptance of payments in November and December.  Further, the extension agreement is dated August 1, 2005, leading Mr. Siegel's attorney to question the dates to which the Honda representative testified; however, Mr. Siegel did not appear at the hearing to contradict Honda's evidence.

At first blush, it appears that an agreement to extend the lease term was reached prior to Mr. Siegel's filing his bankruptcy petition, and the lease should be allowed to "ride through" the bankruptcy. However, there is an applicable statute of frauds. North Carolina General Statute § 25-2A-201 provides

**§ 25-2A-201. Statute of frauds.**

(1) A lease contract is not enforceable by way of action or defense unless:
    (a) the total payments to be made under the lease contract, excluding payments for options to renew or buy, are less than one thousand dollars ($1,000); or
    (b) there is a writing, signed by the party against whom enforcement is sought or by that party's authorized agent, sufficient to indicate that a lease contract has been made between the parties and to describe the goods leased and the lease term.
(2) Any description of leased goods or of the lease term is sufficient and satisfies subsection (1)(b) of this section, whether or not it is specific, if it reasonably identifies what is described.
(3) A writing is not insufficient because it omits or incorrectly states a term agreed upon, but the lease contract is not enforceable under subsection (1)(b) of this section beyond the lease term and the quantity of goods shown in the writing.
(4) A lease contract that does not satisfy the requirements of subsection (1) of this section, but which is valid in other respects, is enforceable:
    (a) if the goods are to be specially manufactured or obtained for the lessee and are not suitable for lease or sale to others in the ordinary course of the lessor's business, and the lessor, before notice of repudiation is received and under circumstances that reasonably indicate that the goods are for the lessee, has made either a substantial beginning of their manufacture or commitments for their procurement;
    (b) if the party against whom enforcement is sought admits in that party's pleading, testimony, or

> > otherwise in court that a lease contract was made, but the lease contract is not enforceable under this provision beyond the quantity of goods admitted; or
> > (c)  with respect to goods that have been received and accepted by the lessee.
> > (5) The lease term under a lease contract referred to in subsection (4) of this section is:
> > > (a)  if there is a writing signed by the party against whom enforcement is sought or by that party's authorized agent specifying the lease term, the term so specified;
> > > (b)  if the party against whom enforcement is sought admits in that party's pleading, testimony, or otherwise in court a lease term, the term so admitted;
> > > (c)  if there is other evidence of the parties' intent with regard to the lease term, the term so intended; or
> > > (d)  in the absence of evidence of the parties' intent, a reasonable lease term.

N.C. Gen. Stat. § 25-2A-201 (1993).

Based on the statute of frauds, neither party could enforce or defend the lease extension until the agreement was reduced to writing. When the debtor returned the agreement to Honda, he had already filed his bankruptcy petition, resulting in a material change in the terms to which Honda originally orally agreed.  Honda refused to sign the lease extension, and notified Mr. Siegel promptly of its refusal.

Accordingly, the court concludes that no enforceable agreement was in place on the petition date, and Honda is entitled to relief from the automatic stay to pursue its remedies in accordance with its rights under the original lease agreement and the applicable laws and statutes of North Carolina.  Rather than requiring Honda to return the payments

4

made by Mr. Siegel for November and December 2005, and file an administrative claim, Honda may keep those payments as adequate protection for the debtor's use of the vehicle.

**SO ORDERED.**

**DATED: March 2, 2006**

*[signature]*

A. Thomas Small
United States Bankruptcy Judge